PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL IZQUIERDO | ) | |
| | ) | CASE NO. 4:25-CV-02361 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WIPRO LIMITED | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | [Resolving ECF No. 1] |

The Court considers Plaintiff's Emergency Motion for a Temporary Restraining Order ("TRO") embedded in his Complaint. ECF No. 1. Having considered the filings and determined that it has subject matter jurisdiction under 28 U.S.C. § 1331, the Court cancels the Telephonic Status Conference ("TSC") scheduled for November 6, 2025 (Order [Non-Document] Dated 11/3/2025) and orders Plaintiff to show cause why the Motion (ECF No. 1) should proceed as a TRO.

## I. BACKGROUND

Plaintiff Michael Izquierdo filed *pro se* a federal lawsuit against Defendant Wipro Limited on November 3, 2025 alleging, *inter alia*, violations of the False Claims Act (31 U.S.C. § 3730(h)), the Americans with Disabilities Act (42 U.S.C. § 12203), and the Fair Labor Standards Act (29 U.S.C. § 215(a)(3)). ECF No. 1 at PageID #: 1. Therein, he made an emergency motion for a temporary restraining order, a TRO. ECF No. 1 at PageID #: 7. Liberally construed in Plaintiff's favor, his complaint seeks emergency reinstatement of employer-provided health insurance. See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). He claims that "my health insurance was cut off; I had already met my $8,000 deductible for the year. My

(4:25-CV-02361)

life-sustaining medication costs about $8,000 per month, and specialist appointments set for the week of November 3, 2025 were cancelled." ECF No. 1 at PageID #: 44.  He contends that "immediate interim relief is necessary to prevent irreparable harm to [his] health and preserve the status quo ante while the Court considers preliminary injunctive relief." ECF No. 1 at PageID #: 45.

## II. LEGAL STANDARD

A TRO is a precursor to a preliminary injunction and an extraordinary judicial remedy governed by Fed. R. Civ. P. 65(b).  In determining whether to issue such relief, district courts in the Sixth Circuit consider whether:

> (1) The movant has a strong likelihood of success on the merits.
> (2) The movant would suffer irreparable injury absent a TRO.
> (3) Granting the TRO would cause substantial harm to others.
> (4) Whether the public interest would be served by granting the TRO.

See *Ohio Republican Party v. Brunner,* 543 F.3d 357, 361 (6th Cir.2008).  All four factors are not prerequisites, "but are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm,* 473 F.3d 237, 244 (6th Cir. 2006).  First, there is a sufficient likelihood of success when "the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir.1985)).  Second, harm from the denial of a TRO is irreparable if "it is not fully compensable by monetary damages." *Overstreet v. Lexington–Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir.2002).  Third, a TRO is appropriate if injunctive relief would not cause substantial harm to others

2

(4:25-CV-02361)

beyond the parties in the dispute.  See *Brunner,* 543 F.3d at 361; *e.g., Fed. Nat'l Mortg. Ass'n v. Sunrise Villas, LLC,* No. 2:25-CV-2217, 2025 WL 756036, at *5 (W.D. Tenn. Mar. 10, 2025).  Finally, the public interest is served when a TRO implicates some interest in the enforcement of contractual obligations (*e.g.*, employment agreements).  See *Tumblebus Inc. v. Cranmer,* 399 F.3d 754, 760 (6th Cir. 2005).

### III. RULING

While allegations of the illegal loss of employment and related benefits are always of concern, Plaintiff has not demonstrated that his circumstances warrant the expeditious adjudication a TRO requires or, stated differently, that pursuing a TRO is the appropriate process in what seems to be an employment litigation, albeit one with harsh consequences.  See ECF No. 1.

Plaintiff is hereby ordered to show cause why his case should not proceed on a non-expedited litigative track.[1]  Plaintiff's response shall be filed by November 10, 2025.  Defendant shall respond by November 13, 2025.  Plaintiff shall reply not later than November 17, 2025.  The telephonic status conference ("TSC") scheduled for November 6, 2025 (Order [Non-Document] Dated 11/3/2025) is cancelled.

IT IS SO ORDERED.

| November 4, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |

---

[1] This would, among other things, require Plaintiff to comply with all standard-track requirements, including service of process, under the Federal and Local Rules of Civil Procedure.

3