PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL IZQUIERDO | ) | |
| | ) | CASE NO. 4:25-CV-02361 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WIPRO LIMITED | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 1, ECF No. 8, |
| | ) | ECF No. 10, and ECF No. 11] |

The Court considers four motions—three from Plaintiff, one from Defendant. First, Plaintiff's Emergency Motion for a Temporary Restraining Order (ECF No. 1) is denied. Second, Defendant's Motion for Leave to Exceed Page Limitations (ECF No. 8) is granted. Third, Plaintiff's Motion for Authorization of Electronic Filing Privileges (ECF No. 10) is granted. Finally, Plaintiff's Motion for Immediate Ruling (ECF No. 11) is denied as moot.

## I. BACKGROUND

### A. INTRODUCTION

Employer-sponsored medical insurance is the single largest provider of healthcare coverage for non-elderly Americans.[1] Although the allegedly wrongful termination of employment and medical benefits always concerns the Court, the present circumstances warrant

---

[1] *See* Bipartisan Policy Center, *Improving Employer-Sponsored Insurance*, https://bipartisanpolicy.org/report/improving-employer-sponsored-insurance/ (last visited Nov. 18, 2025).

(4:25-CV-02361)

neither expeditious adjudication nor emergency injunctive relief.  This case shall proceed as a standard employment dispute alleging disability discrimination and unlawful retaliation.

### B. FACTS

Plaintiff Michael Izquierdo worked as a claims system analyst at Defendant Wipro Limited from February 22, 2023 until his involuntary termination on October 31, 2025.  *See* ECF No. 9–1 at PageID #: 112.  He requested and received several disability-related accommodations in 2024.  *See* ECF No. 9 at PageID #: 94.  While working remotely, he was issued a written warning for failing to correctly log his time.  *See* ECF No. 9 at PageID #: 94.  He unsuccessfully sought to have that warning rescinded.  *See* ECF No. 9 at PageID #: 94.  In September 2025, Plaintiff complained to human resources that his accommodations requests were not properly filed or implemented, prompting Defendant to apologize and provide him with subsequent clarification.  *See* ECF No. 9 at PageID #: 95.  Thereafter, Plaintiff's communications with Defendant grew increasingly contentious.[2]  *See* ECF Nos. 1–3, 1–4, 1–5, and 1–6.  He was placed on paid leave of absence and demanded overtime pay and increased compensation.  *See* ECF No. 9 at PageID #: 95.  Defendant terminated Plaintiff's employment on October 31, 2025 for "an ongoing course of threatening and abusive conduct[.]"  *See* ECF No. 1–11.

### C. PROCEEDINGS

Following his firing, Plaintiff filed this lawsuit *pro se* against Defendant on November 3, 2025 alleging violations of the False Claims Act ("FCA") (31 U.S.C. § 3730(h)), the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12203), and the Fair Labor Standards Act ("FLSA")

---

[2] On October 1, 2025, Plaintiff threatened legal action under the ADA and for wage disparity (self-estimating Defendant liability at over $600,000.00) while demanding confirmation of accommodations, reduced production standards, rescission of his formal warning, and increased pay.  *See* ECF No. 1–3, Ex. G–1.

2

(4:25-CV-02361)

(29 U.S.C. § 215(a)(3)). *See* ECF No. 1. In his complaint, Plaintiff moved for a temporary restraining order seeking reinstatement of his employment and employer-provided health insurance.[3] *See* ECF No. 1 at PageID #: 7. Plaintiff contends that "immediate interim relief is necessary to prevent irreparable harm to [his] health and preserve the status quo ante while the Court considers preliminary injunctive relief." ECF No. 1 at PageID #: 45. He was ordered to show cause as to why this case should proceed on an expedited track, and he timely complied. *See* ECF Nos. 4 and 7. Defendant responded in opposition; Defendant replied. *See* ECF Nos. 9 and 12. Most recently, Plaintiff moved for an immediate ruling on the emergency motion due to his "rapidly declining health." *See* ECF No. 11.

## II. LAW

### A. JURISDICTION

Federal courts have subject matter jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Osborn v. Bank of U.S.*, 9 Wheat. 738, 823–24 (1824). A civil action arises under national law when a federal statute or regulation creates the cause of action asserted by the plaintiff. *See Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Plaintiff's claims arise under the FCA, ADA, and FLSA. All are federal statutes. *See* ECF No. 1. Therefore, the Court exercises subject matter jurisdiction over this dispute under 28 U.S.C. § 1331.

---

[3] Construed liberally, as with all *pro se* filings in federal court. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

3

(4:25-CV-02361)

    B. INJUNCTIVE RELIEF

A temporary restraining order ("TRO") is a precursor to a preliminary injunction and an extraordinary judicial remedy governed by Fed. R. Civ. P. 65(b). In determining whether to issue injunctive relief, district courts in the Sixth Circuit consider whether:

> (1) The movant has a strong likelihood of success on the merits.
> (2) The movant would suffer irreparable injury without a TRO.
> (3) Granting the TRO would cause substantial harm to others.
> (4) The public interest would be served by granting the TRO.

See Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008). First, there is a likelihood of success on the merits when "the plaintiff has raised questions . . . so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." Six Clinics Holding Corp., II v. Cafcomp Sys., Inc., 119 F.3d 393, 402 (6th Cir. 1997) (citing In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985)). Second, harm from the denial of a TRO is irreparable if "it is not fully compensable by monetary damages." Overstreet v. Lexington–Fayette Urb. County Gov't, 305 F.3d 566, 578 (6th Cir. 2002). Third, a TRO is appropriate if injunctive relief would not cause substantial harm to those beyond the parties in the dispute. See Brunner, 543 F.3d at 361; Fed. Nat'l Mortg. Ass'n v. Sunrise Villas, LLC, No. 2:25-CV-2217, 2025 WL 756036, at *5 (W.D. Tenn. Mar. 10, 2025). Finally, the public interest is served when a TRO implicates an interest in the enforcement of contractual obligations (*e.g.*, employment agreements). See Tumblebus Inc. v. Cranmer, 399 F.3d 754, 760 (6th Cir. 2005).

### III. DISCUSSION

Three of the four TRO factors weigh against granting Plaintiff injunctive relief.

(4:25-CV-02361)

### A. Likelihood of Success

While Plaintiff provided a multitude of supporting documents (including disclosures of disability limitations, accommodations requests, human resources complaints, financial statements, and email correspondence with Defendant's general counsel outlining his FCA, ADA, and FLSA claims, see ECF Nos. 1–3, Ex. G–1, 1–4, Ex. G–2, 1–5, Ex. G–3, 1–6, Ex. G–4, 1–7, Ex. H–1, 1–8, Ex. H–2, 1–9, Ex. H–3, 1–10, Ex. I–1, and 1–11, Ex. I–2), a litigant seeking injunctive relief "must show more than a mere possibility of success" to succeed on a motion for a TRO. See Mason Cnty. Med. Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). Plaintiff raises five causes of action, yet fails to provide any legal authority connecting his factual allegations to a likelihood of meritorious success.[4] While he may eventually prevail on some or all of these claims, he has not established the necessity of injunctive relief under the present circumstances.

### B. Irreparable Injury

The loss of employment is not an irreparable injury because the "possibility that adequate compensation or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." See Sampson v. Murray, 415 U.S. 61, 90 (1974). If Plaintiff ultimately succeeds in this litigation, his financial damages (e.g., lost income, financed medical care) will be ameliorated via damages. See Shortridge v. Centrus Energy Corp., No. 2:21-CV-5336, 2021 WL 12251212, at *2 (S.D. Ohio Nov. 22, 2021). While he may suffer irreparable harm absent medical care, that is not the same as suffering irreparable harm absent extraordinary injunctive relief. See ECF Nos. 7–4, Ex. M and 7–5, Ex. N. Put

---

[4] For example, Plaintiff fails to address Defendant's contention that he has not exhausted the required administrative remedies under the ADA. See ECF No. 9 at PageID #: 103.

5

(4:25-CV-02361)

another way: although Plaintiff—like many Americans— may suffer irreparable harm without health insurance, he has failed to show why that harm is certain to come unless the Court reinstates health insurance *specifically provided by Defendant*. Plaintiff appears eligible for further health insurance through COBRA, the Affordable Care Act's public marketplace, or new employment (and its corresponding benefits). See ECF Nos. 9 and 12. It is common for aggrieved former employees to be faced with these difficult circumstances, yet Plaintiff fails to explain why he cannot obtain coverage through any of these or other alternatives. See *Farnham v. Campari Am.*, LLC, No. 5:25-CV-275-CHB, 2025 WL 2423328, at *2 (E.D. Ky. Aug. 21, 2025) (finding the availability of replacement insurance cut against plaintiff's assertion of irreparable harm absent an injunction). While Plaintiff is under no legal obligation to pursue post-termination health insurance or gainful employment, the consequences of failing to do so— both medical and financial—are his alone to bear.[5]

Plaintiff's claims that "COBRA is not a substitute for active coverage when a plaintiff cannot afford the premiums" and that the "Sixth Circuit specifically recognizes loss of medical coverage as irreparable harm" are incorrect and unsupported. ECF No. 11 at PageID #: 280. He cites a case that neither implicates employer-sponsored health insurance nor supports his legal contentions. See *E.E.O.C. v. Chrysler Corp.*, 733 F.2d 1183 (6th Cir. 1984)). That case addresses irreparable emotional and professional harm from forced early retirement, not terminated health insurance. See id. Plaintiff further posits *via* direct citation that "COBRA is not an adequate remedy where a plaintiff lacks the financial ability to maintain it" in a case captioned as "*Whelan v. Colgan Air, Inc.*, 2010 WL 3610460 (E.D.N.Y.)." See ECF No. 11 at

---

[5] Defendant identifies that, given his alleged indigency, Plaintiff may be eligible for Medicaid coverage. See ECF No. 9 at PageID #: 108.

6

(4:25-CV-02361)

PageID #: 280. After surveying commercial databases and court records for the Eastern District of New York, the Court found that no such case exists.[6]

### C. SUBSTANTIAL HARM

Plaintiff misunderstands the relevant law by contending that "the [b]alance of [h]arms to Plaintiff . . . far outweighs any temporary administrative or financial inconvenience to [Defendant.]" ECF No. 12 at PageID #: 296. While the TRO factors are "interconnected considerations that must be balanced together[,]" the third factor assesses harm to parties *outside* the legal dispute, rather than potential harms to those within it—balanced or otherwise. *See Coalition to Defend Affirmative Action v. Granholm,* 473 F.3d 237, 244 (6th Cir. 2006); *Brunner,* 543 F.3d at 361. Defendant has demonstrated without opposition that injunctive relief would cause substantial harm to its remaining employees because Plaintiff's reinstatement "would leave both parties walking on eggshells *ad infinitum*[.]" ECF No. 9 at PageID #: 109.

### D. PUBLIC INTEREST

Plaintiff correctly contends that the "public interest is served by preventing employers from using payroll and benefits administration to retaliate or to manipulate post-termination coverage to inflict harm." ECF No. 7 at PageID #: 64. While the Court recognizes a valid public interest in workplace efficiency alongside Defendant's desire to be "free from judicially compelled staff decisions that risk destabilizing internal dynamics and eroding trust[,]" that

---

[6] The Court found a similarly titled 1979 Second Circuit case pre-dating the enactment of COBRA that affirmed a preliminary injunction when "the threatened termination of benefits such as medical coverage for workers and their families obviously raised the spectre of irreparable injury." *Whelan v. Colgan,* 602 F.2d 1060 (2d Cir. 1979). That case is factually inapposite, non-binding, and—even when construed generously– not proffered by Plaintiff.

7

(4:25-CV-02361)

interest is subordinate to the financial, medical, and human consequences of potentially illegal insurance termination. ECF No. 9 at PageID #: 109. Because manipulation and retaliation are disfavored at best and illegal at worst, granting a TRO (when these harms have occurred) would serve the public interest because it implicates the judicially enforced obligations of employment contracts. *See* Tumblebus, 399 F.3d at 760.

## IV. REMAINING MOTIONS

Defendant seeks leave of Court to exceed the default page limitation—by three pages—in its response to Plaintiff's filing addressing the Order to Show Cause. *See* ECF Nos. 4, 7, and 8. For good cause shown, the motion (ECF No. 8) is granted. *See* Fed. R. Civ. P. 7(b); N.D. Ohio Civ. R. 7.1(f).

Plaintiff seeks permission to file documents electronically through the Court's Case Management/Electronic Case Files ("CM/ECF") system. *See* ECF No. 10. For good cause show, the motion (ECF No. 10) is granted. *See* N.D. Ohio Civ. R. 7.1. Plaintiff is required to comply with the Court's Electronic Filing Policies and Procedures Manual and all Local and Federal Rules of Civil Procedure. *See* N.D. Ohio Civ. R., App'x B. Failure to comply will result in the revocation of electronic filing privileges at the Court's discretion. *See* N.D. Ohio Civ. R. 7.1(c).

## V. CONCLUSION

The Court concludes that injunctive relief is inappropriate under the circumstances because Plaintiff has failed to establish a strong likelihood of success on the merits, an imminent irreparable injury, or the absence of substantial harm to others. Having weighed these factors along with the service to public interest of enforcing contractual obligations, Plaintiff's Emergency Motion for a Temporary Restraining Order (*see* ECF No. 1) is denied and his Motion

8

(4:25-CV-02361)

for Immediate Ruling (*see* ECF No. 11) is denied as moot. Finally, Defendant's Motion for Leave to Exceed Page Limitations (ECF No. 8) and Plaintiff's Motion for Authorization of Electronic Filing Privileges (ECF No. 10) are both granted. This litigation shall proceed as outlined in the Federal and Local Rules of Civil Procedure. A separate Case Management Conference Plan/Order will issue.

    IT IS SO ORDERED.

| | |
|---|---|
| November 19, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |