PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL IZQUIERDO, | ) | CASE NO. 4:25-CV-02361 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WIPRO LIMITED, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 14 and ECF No. 15] |

The Court considers Plaintiff Michael Izquierdo's Renewed Motion for a Temporary Restraining Order (ECF No. 14) and Emergency Motion to Expedite Ruling (ECF No. 15). Having previously denied his motion for injunctive relief (ECF No. 13 at PageID ##: 308–12) and granted his motion for electronic filing privileges (ECF No. 13 at PageID #: 312), the Court denies the instant motions as moot.[1]  In the alternative, they are denied on the merits for the following reasons.

First, Plaintiff claims that "the only barrier to . . . accessing life-saving medication is the Court's delay." ECF No. 14 at PageID #: 315 ¶ 6.  Again, he misunderstands both the nature of injunctive relief and the requirements of the preceding order to show cause.  *See* ECF No. 4. Plaintiff presents *ad nauseum* a false dilemma: *either he receives medical care subsidized by*

---

[1] Given Plaintiff's *pro se* status, it is probable he received notification that his motion for a temporary restraining order was denied (ECF No. 13, dated November 19, 2025) prior to mailing the instant motions to the Clerk of Court (ECF Nos. 14, 15, and 16, filed November 20, 2025).

(4:25-CV-02361)

*Defendant, or he receives no medical care at all*.² This is a logical and legal fallacy. The issue is not whether Plaintiff will sufferable irreparable harm without healthcare. ³Rather, the issue is whether he will sufferable irreparable harm that can only be avoided by Court-mandated health insurance from Defendant. The answer is no. See ECF No. 13 at PageID ##: 308–12. To obtain the healthcare he needs, Plaintiff may find another job, seek insurance coverage on the open market, maintain his COBRA plan, or pursue other alternatives.⁴

      Second, Plaintiff claims that "[i]n the Court's November 5 order, Judge Pearson stated: 'The Court considers the health and safety concerns important . . . Plaintiff must submit supporting proof.'" ECF No. 15 at PageID #: 333 ¶ 2. This is false as both a substantive statement and a direct citation. That language does not appear anywhere in the Court's preceding orders or communications with Plaintiff. Rather than requesting specific proof of his medical condition, Plaintiff was ordered to show cause why his case warranted expedited adjudication. See ECF No. 4 at PageID #: 57. While the Court construes *pro se* filings liberally and extends lenience when warranted, there is no tolerance for what is—at best—the misconstruction of the words of the Court. See U.S. Const. Art. III. Considering this conduct along with a false, likely hallucinated case citation proffered in an earlier motion,⁵ Plaintiff is

---

    ² Plaintiff claims that "[t]he only barrier to . . . access life to life-saving medication is the lack of a ruling." ECF No. 14 at PageID #: 218.

    ³ This is plausible, given his voluminous submissions. *See* ECF Nos. 1, 11, 12, 14, 15, 16.

    ⁴ Plaintiff's "Determination of Benefit Payment Eligibility" prepared by the Ohio Department of Job and Family Services states "[i]f you are otherwise eligible, you may receive unemployment benefits," thus indicating a potential change in Plaintiff's financial circumstances. ECF No. 14–1 at PageID #: 329.

    ⁵ Plaintiff provided direct citation that "COBRA is not an adequate remedy where a plaintiff lacks the financial ability to maintain it" in a case captioned as "Whelan v. Colgan Air,

(4:25-CV-02361)

hereby warned that continuing to flood the docket with frivolous motions, oppositions, and filings will subject him to sanctions—including the assessment of costs, attorneys' fees, and a permanent injunction from filing new documents in this dispute or the dismissal of the dispute. *See* N.D. Ohio Civ. R. 7.1(i). A separate Case Management Conference Plan/Order will issue.

    IT IS SO ORDERED.

| | |
|---|---|
| November 21, 2025 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

Inc., 2010 WL 3610460 (E.D.N.Y.)." *See* ECF No. 11 at PageID #: 280. As addressed, that case does not exist. *See* ECF No. 12 at PageID #: 311.