PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| MICHAEL IZQUIERDO, | ) | CASE NO. 4:25-CV-02361 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| WIPRO LIMITED, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 27, 29] |

## I.  INTRODUCTION

This civil suit comes before the Court on a partial Motion to Dismiss.  *See* ECF No. 27.

Movant is Defendant Wipro Limited, an information technology corporation based in Bengaluru,

India with offices in the United States.  *See* ECF No. 26.  Plaintiff is Michael Izquierdo, an

American and former Wipro employee proceeding *pro se*.  *See* ECF No. 1.  Defendant seeks

dismissal of Plaintiff's retaliation claim—titled as Count II—under the Americans with

Disabilities Act ("ADA") due to failure to exhaust administrative remedies with the Equal

Employment Opportunity Commission ("EEOC").  *See* ECF No. 27–1 at PageID #: 428; 42

U.S.C. § 12101 *et seq.*  Plaintiff opposes the Motion and argues he timely initiated the EEOC

process and that any delay was caused by the October 1 to November 12, 2025 federal

government shutdown.  *See* ECF No. 28.  He simultaneously moves for a "limited stay of ADA

claims pending completion of EEOC intake currently scheduled for June 2, 2026."  ECF No. 29

at PageID #: 442.  For the reasons herein, the partial Motion to Dismiss is GRANTED and the

Motion to Stay is DENIED.  *See* ECF No. 27, 29.

(4:25-CV-02361)

## II.  BACKGROUND

### A.  History

Plaintiff worked as a claims system analyst at Defendant from February 22, 2023 until his termination on October 31, 2025.  *See* ECF No. 9–1 at PageID #: 112.  He requested and received several disability-related accommodations in 2024.  *See* ECF No. 9 at PageID #: 94. While working remotely, he was issued a written warning for failing to correctly log his time. *See* ECF No. 9 at PageID #: 94.  He unsuccessfully sought to have that warning rescinded.  *See* ECF No. 9 at PageID #: 94.  In September 2025, Plaintiff complained to Defendant's human resources division that his accommodations requests were not properly filed or implemented, prompting Defendant to apologize and provide him with subsequent accommodation clarification.  *See* ECF No. 9 at PageID #: 95.  Thereafter, Plaintiff's communications with Defendant became increasingly contentious and combative.[1]  *See* ECF Nos. 1–3, 1–4, 1–5, 1–6. As a result, he was placed on a paid leave of absence and demanded overtime pay and increased compensation.  *See* ECF No. 9 at PageID #: 95.  Defendant terminated his employment on October 31, 2025 for what it portrayed as "an ongoing course of threatening and abusive conduct[.]"  *See* ECF No. 1–11.

### B.  Procedure

---

[1] On October 1, 2025, Izquierdo threatened legal action under the ADA and for wage disparity (self-estimating Wipro liability at over $600,000.00) while demanding confirmation of accommodations, reduced production standards, rescission of his formal warning, and increased pay.  *See* ECF No. 1–3, Ex. G–1.

2

(4:25-CV-02361)

Following his firing, Plaintiff filed this lawsuit *pro se* on November 3, 2025 against Defendant alleging violations of the ADA, the False Claims Act, and the Fair Labor Standards Act ("FLSA").  *See* ECF No. 1*;* 31 U.S.C. § 3730(h); 29 U.S.C. § 215(a)(3); 42 U.S.C. § 12203. He moved for a temporary restraining order reinstating both his employment and his employer-provided health insurance.[2]  *See* ECF No. 1 at PageID #: 7.  The Court denied Plaintiffs request for injunctive relief, and the Sixth Circuit affirmed.  *See* ECF No. 18; *Izquierdo v. Wipro Ltd., No. 25–3931 (filed Dec. 17, 2025).*  Defendant answered and moves to dismiss the ADA cause of action under Count II.  *See* ECF Nos. 26, 27.  Plaintiff opposes and moves for a stay pending "completion of EEOC intake."  ECF Nos. 28, 29 at PageID #: 442.  Defendant replied in support of their Motion to Dismiss, but does not oppose Plaintiff's Motion to Stay.  *See* ECF Nos. 29, 30.

### III.  LAW

#### A.  ADA

The ADA is a federal civil rights statute outlawing discrimination based on disability. *See* 42 U.S.C. § 12101 *et seq.*  Like the Civil Rights Act of 1964, it protects individuals from unlawful workplace discrimination but goes further by requiring employers to provide reasonable accommodations to disabled employees.  *See id.*  Before filing a federal lawsuit asserting an ADA violation, a plaintiff must submit an administrative charge to the EEOC within 180 days of the discriminatory act.  *See Younis v. Pinnacle Airlines*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e–5(f)(1)). If the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action in a district court.  *See Marcum v. Oscar*

---

[2] Construed liberally, as with all *pro se* filings in federal court.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

(4:25-CV-02361)

*Mayer Foods Corp.*, 46 Fed. Appx. 331, 333 (6th Cir. 2002).  Until a plaintiff receives that "right to sue" letter, he has not exhausted his administrative remedies and may not file a federal lawsuit under the ADA.  *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a).

A failure to comply with administrative exhaustion is grounds for dismissal.  *See Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003).  The requirement to timely file an EEOC charge cannot be set aside or waived at a district court's discretion.  *See Jones v. Truck Drivers Loc. Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984).  While litigants may waive exhaustion, a district cannot do so unilaterally.  *See Baughey v. Tecumseh Country Club, Inc.*, 1 F.3d 1240 (Table), 1993 WL 300312, at *2 (6th Cir. Aug. 3, 1993) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982)).

### B. Stay

District courts have inherent and discretionary power to stay civil proceedings before them. *See Trotta v. Am. Airlines, Inc.*, 741 F. Supp. 3d 673, 676 (E.D. Mich. 2024), aff'd, No. 24-1681, 2025 WL 1144779 (6th Cir. Apr. 18, 2025).  Four factors are determinative:  (1) the likelihood that other pending litigation will resolve the stayed case; (2) the judicial resources saved by awaiting a dispositive ruling; (3) the broader public interest; and (4) the burden or prejudice imposed on the party opposing the stay, if any.  *See Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket").

### IV. DISCUSSION

### A. Motion to Dismiss

4

(4:25-CV-02361)

Plaintiff has neither filed a charge with the EEOC nor received a right-to-sue letter from the same.  His assertion of governmental backlog may be authentic and understandably frustrating, is nevertheless (a) unsupported and (b) legally inconsequential.  Either Plaintiff has, or does not have, a right-to-sue letter.  He offers no evidence of the letter's existence or of Defendant's waiver of exhaustion, and his precedential propositions defending that dearth are wholly inapposite, as noted in detail by Defendant.  Having failed to exhaust his administrative requirements with the EEOC, Plaintiff's ADA claim is precluded and therefore dismissed.

**B.  Motion to Stay**

Having found failure to exhaust, the Court must determine whether to (a) dismiss Plaintiff's ADA claim or (b) grant a stay until his EEOC proceedings are concluded.  It chooses the former.  First, there is no pending Article III litigation that will resolve this case, should a stay be granted.  Second, the Court's resources are insufficiently preserved by granting an open-ended stay for Plaintiff to complete his EEOC proceedings at a time indeterminate.  Third, the public interest is not served by allowing a terminated Plaintiff to circumvent statutory exhaustion requirements and call "time out" in federal court while he aligns his procedural ducks in a row. Finally, although Defendant does not oppose the Motion to Stay, the Court finds the burden of looming litigation significant enough to warrant denial of Plaintiff's request.  Having failed to demonstrate that a stay is in the best interest of the Parties, the Court, or the People, Plaintiff's Motion to Stay is not well taken and, therefore, denied.

**V.  CONCLUSION**

Defendant's partial Motion to Dismiss is granted.  *See* ECF No. 27.  Count II is dismissed without prejudice for failure to exhaust administrative requirements.  Plaintiff's Motion to Stay is denied.  *See* ECF No. 29.  This case shall proceed under Plaintiff's remaining causes of action.

(4:25-CV-02361)

If Plaintiff later receives a right-to-sue letter from the EEOC, he may move the Court for leave to file an amended complaint and replead his ADA cause of action.  The Court will render a decision *when and if* that issue is before it.


      IT IS SO ORDERED.


March 2, 2026                                    /s/ Benita Y. Pearson
Date                                                 Benita Y. Pearson
                                                        United States District Judge

6